UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY WAYNE ADAMS,

          Petitioner,          Case No. 1:07-cv-233

v.                                       Honorable Wendell A. Miles

STATE OF MICHIGAN et al.,

          Respondents.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to exhaust his state-court remedies.

**Discussion**

     I.     Factual allegations

The instant habeas action is an exact copy of a previous petition filed by Petitioner. *See Adams v. State of Michigan et al.*, 1:06-cv-785 (W.D. Mich.). At the time he filed his previous action, Petitioner was on bond in the Calhoun County Circuit Court pursuant to an amended Felony Information dated November 1, 2006, charging him with failure to pay child support, MICH. COMP. LAWS § 750.165. The amended Information further charged that Petitioner was a third felony offender, having previously been convicted in the state circuit court of parental kidnaping and willful failure to pay child support. The amended Information alleged that Petitioner was more than $18,000.00 in arrears on his child support obligations. The gravamen of the habeas corpus petition is an attack on the substance of the Michigan statute requiring the payment of child support, which Petitioner asserts violates the constitutional prohibition against involuntary servitude, U.S. CONST., Am. XIII, and federal laws prohibiting peonage. In dismissing Petitioner's previous habeas action, the Court found that relief was not available to Petitioner under 28 U.S.C. § 2241 or § 2254 because Petitioner had not yet been conviction of any charges and had not exhausted his state-court remedies.

According to Michigan Court of Appeals docket records, Petitioner was convicted on March 5, 2007, of failure to pay child support. He filed a notice of appeal on March 15, and his appeal remains pending in the court of appeals. Petitioner signed the instant petition on March 6, the day after his criminal conviction.

     II.     Exhaustion of state court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner clearly fails to satisfy the exhaustion requirement because his case remains pending before the Michigan Court of Appeals. In order to exhaust, Petitioner must present his claims in the Michigan Court of Appeals and the Michigan Supreme Court and receive a ruling from those courts. Accordingly, the Court will dismiss Petitioner's action without prejudice for lack of exhaustion.[1]

---

[1] Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." If Petitioner does not seek review in the United States Supreme Court, the one-year statute will begin to run ninety-days after the Michigan Supreme Court issues a decision in his case. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). If Petitioner seeks review in the United States Supreme Court, the one-year period will begin to run on the date the Supreme Court issues a final order or decision.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 for failure to exhaust state-court remedies. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: April 4, 2007                                     /s/ Ellen S. Carmody
                                                        ELLEN S. CARMODY
                                                        United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).