UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BARRY WAYNE ADAMS,

        Petitioner,

v.                                              Case No. 1:07-cv-233

                                              Hon. Wendell A. Miles

STATE OF MICHIGAN et al.,


        Respondents.

_____/


OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

On April 4, 2007, Magistrate Judge Ellen S. Carmody issued a Report and

Recommendation (R&R) to dismiss Petitioner's petition for writ of habeas corpus for failure to

exhaust state-court remedies. Petitioner has filed objections to the Report and Recommendation.

For the reasons that follow, the court overrules Petitioner's objections and adopts the Magistrate

Judge's Report and Recommendation.

This court is required to make a <u>de novo</u> review upon the record of those portions of the

R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). The court may

accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. <u>Id.</u>

After a jury trial in the Calhoun County Circuit Court, Petitioner was convicted of failure

to pay child support. He was sentenced as a third habitual offender. His appeal to the Michigan

Court of Appeals is pending.

Petitioner argues that there is no state corrective process with regard to the instant matter, and that any state exhaustion process would be ineffective and futile. The Antiterrorism and Effective Death Penalty Act (AEDPA) mandates that all prisoners exhaust their state court remedies before filing a petition for a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b). The AEDPA forbids a finding that exhaustion has been waived absent an express waiver by the State. 28 U.S.C. § 2254(b)(3); Banks v. Dretke, 540 U.S. 668, 674 (2004). Until Petitioner has presented his constitutional claims to the state's appellate courts, he is precluded from pursuing a writ of habeas corpus in this court. Petitioner's unsupported contention that the state court system does not provide process for the instant matter has no merit. He has offered no evidence demonstrating that he is prohibited from raising his claims before the Michigan Court of Appeals and the Michigan Supreme Court. The Magistrate Judge's recommendation is correct.

Petitioner also claims that the judgment of the Calhoun County Circuit Court was null and void ab initio. It appears he may also be claiming actual innocence: Petitioner "has provided the substantial means of subsistence ('support') to his natural daughters" (Pet., ¶ 12), although he acknowledges that he did not do so through the procedure set by the laws of the State of Michigan. However, the court may not reach the merits of Petitioner's claims until he has properly exhausted his state remedies. Once he has done so, he may return to federal court if necessary and seek habeas corpus relief.[1]

---

[1] The court notes that Petitioner has named 12 respondents. The federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over" the petitioner. 28 U.S.C. § 2242 and § 2243. If Petitioner files a petition for habeas corpus relief in federal court at a later time, he must name as respondent his custodian, most generally the warden of the facility where he is incarcerated. Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004). Moreover, in addition to release from incarceration, Petitioner seeks compensatory and punitive damages. Damages are not an "appropriate or available remedy" in a habeas corpus case. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973).

For the foregoing reasons, the court OVERRULES Petitioner's objections (dkt. #9),

ADOPTS the Magistrate Judge's Report and Recommendation (dkt. #5), and DISMISSES the

petition without prejudice.

So ordered this 16th day of May, 2007.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge